**FILED**

IN THE UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FOR THE DISTRICT OF NEW MEXICO

**MAY 1 1 2001**

KEITH JUDD,
For President of USA,

*Robert M March*
CLERK

Plaintiff,

vs.                                                    CIVIL NO.   01-487 LFG

JOE DIAZ,

Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS,
## DENYING PETITION AND DISMISSING CASE WITH PREJUDICE

THIS MATTER is before the Court *sua sponte*. On May 1, 2001, Plaintiff Keith Judd filed

a "Petition for Civil Rights Removal Pursuant to 28 U.S.C. § 1443, 2255" [Doc. 1]. In the same

pleading, he also seeks leave to proceed *in forma pauperis*, and states that in proceedings pending

before the U.S. Supreme Court and the New Mexico Supreme Court, he has been granted *in forma

pauperis* status.

So as to ensure that a *pro se* litigant's claims are not inappropriately barred due to technical

defects, the Clerk of the Court is authorized to accept a *pro se* litigant's pleadings for filing, and

thereafter seek a court determination of whether the litigant qualifies for *in forma pauperis* treatment

or, in the alternative, whether the court should require the *pro se* litigant to pay a filing fee.  As a

result of this practice, Keith Judd's ("Judd") pleading was received for filing, without payment of any

fees or without a court order authorizing *in forma pauperis* status.



### In Forma Pauperis Statute

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, authorizes a court to waive fees. The intent of this statute is "to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, `in any court of the United States' solely because . . . [lack of funds] makes it impossible for him to pay or secure the costs [of litigation]."  Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342, 69 S. Ct. 85, 90 (1948).  While Judd has not submitted a separate application or affidavit in support of his *in forma pauperis* status, the Court accepts his representation that he has been deemed indigent by the U.S. Supreme Court and by the New Mexico Supreme Court.  Moreover, by virtue of Judd's return address, it is clear that he is in the custody of the Federal Bureau of Prisons.[1]

Based on Judd's representations and his federal detention status, the Court will deem Judd an indigent.  The Court will grant a limited waiver of costs and accept his pleadings for filing.

### Sua Sponte Analysis

While Congress removed the barriers to court process for indigents by enacting the *in forma pauperis* statute, Congress also recognized that "[a] litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989); Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733 (1992).  In response to this congressional concern, courts are specifically authorized to review and, where appropriate, to dismiss an *in forma pauperis* complaint "if the court determines . . . the action . . .

---

[1] In his petition, Judd states, ". . . FBI have Judd in custody because the Supreme Court Building accused Judd of mailing a bomb."

2

is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(I). Accordingly, the court may conduct a *sua sponte* review of a complaint pursuant to this section and may dismiss the pleading if it is patently obvious that the plaintiff cannot prevail on the facts alleged. Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991). However, if the defect in pleading may be cured by appropriate amendments, dismissal of the complaint should be without prejudice to the plaintiff filing another complaint with valid allegations.

In reviewing a *pro se* complaint, the Court is to apply the same legal standards applicable to pleadings drafted by counsel, but the Court remains mindful that a *pro se* complaint must be liberally construed. Northington v. Jackson, 973 F.2d 1518, 1520-1521 (10th Cir. 1992). It is with these standards in mind that the Court now reviews Judd's pleadings.

**Analysis**

Judd's pleading purports to be a removal of a civil case from the Bernalillo County State District Court docket in case CV-97-07826. Removal permits a defendant to move a case from a state trial court to a federal district court. However, the process is strictly controlled by federal law. The most important removal provisions are found in 28 U.S.C. § 1441 (governing removal for diversity cases, most federal questions, and non-diverse claims joined with federal questions), and 28 U.S.C. § 1446 (establishing the procedure for accomplishing removal).

The right of removal belongs to a defendant. Section 1441(a) restricts the right of removal to parties who are defendants in the plaintiff's case in chief. In addition to removal being a defendant's right, unanimous consent of all defendants is also required before removal can be effected. An action cannot be removed to federal district court unless all defendants eligible for removal join in the notice of removal. Cornwall v. Robinson, 654 F.2d 685 (10th Cir. 1981); *see*

3

*also* McMahon v. Bunn-O-Matic Corp., 150 F.3d 651, 653 (7th Cir. 1998).  In addition to statutory restrictions on who may remove, strict time limits are also applicable.  Defendants eligible to removal from state court to federal district court are required to file a notice of removal with the appropriate federal court within thirty days of receipt of the plaintiff's original pleading.  28 U.S.C. § 1446(b).  On all counts, Judd's pleading fails to comply with the requirements of law.

First, Keith Judd is not a defendant in this civil lawsuit.  A review of the Second Judicial District Court's civil docket shows that this lawsuit was filed on September 2, 1997 by plaintiffs Michael Murphy, William Riordan, Thomas Mescall and Joe Diaz.  Subsequently, Vicki Perea sought and was granted intervention in this lawsuit.

The two named defendants in the Bernalillo County lawsuit, and thus, the only  ones authorized to remove the lawsuit to federal district court were Millie Santillanes and the City of Albuquerque.  Judd was not a defendant.  The state district court's docket indicates that Judd sought, unsuccessfully, to be added as a party to the lawsuit on September 16, 1997.  Indeed, in a subsequent pleading, Judd's request to disqualify the assigned judge, the Honorable Willliam F. Lang, was rejected because Judd was not a party.

Thus, a review of the state court's docket indicates that Judd was not a defendant and, therefore, does not meet the initial qualification for removal, that is, that a defendant is entitled to remove a case from the state trial court to a federal district court.

Secondly, even if Judd were a proper defendant, his petition for removal fails to show concurrence by all defendants.  Unanimity is required.  Thus, the petition would fail on this ground as well.

4

Third, if Judd was a defendant entitled to remove, it is apparent that his petition for removal comes too late. This lawsuit was filed on September 2, 1997. Judd's unsuccessful efforts to intervene in this lawsuit also occurred in September 1997. Judd's petition, filed some three and one-half years later, is untimely under the removal statute.

Finally, there is no pending state case to remove. The state district court's docket indicates that this case was resolved and dismissed on October 21, 1998. There is no pending litigation and nothing to remove to federal court.

It is possible that Judd, dissatisfied with the resolution of the state litigation, is seeking some type of federal review of a state court proceeding. However, if his intent is to have a federal court trump decisions by the state district court, his request would be barred by the doctrine established in Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S. Ct. 149, 150 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482, 103 S. Ct. 1303, 1315 (1983), known collectively as Rooker-Feldman. The doctrine emanating from these cases bars federal review of state court's civil judgments. A federal court, other than the United States Supreme Court, lacks jurisdiction to review state court decisions reached in judicial proceedings. Feldman at 476; Anderson v. Colorado, 793 F.2d 262, 263 (10th Cir. 1986)("It is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review").

The bar against federal review of state decisions is substantial. It is not limited to decisions coming from the state's highest court, Dubinka v. Judges of the Superior Court, 23 F.3d 218, 221 (9th Cir. 1994), nor does it matter whether the state court decisions are final or interlocutory. Gentner v. Shulman, 55 F.3d 87, 89 (2d Cir. 1995). The doctrine precludes federal jurisdiction even

5

when the state court's decision implicates federal constitutional issues, id., or when the plaintiff brings his action under federal civil rights statutes. Ritter v. Ross, 992 F.2d 750, 753-54 (7th Cir. 1993).

Based on the foregoing, it patently clear that Judd's attempts to remove a proceeding from a state district court to the federal court of New Mexico are barred as a matter of law.

*Sua sponte* reviews of pleadings are generally without prejudice so as to allow a party an opportunity to correctly plead a cause of action. Here, an amendment to Judd's pleading would be futile, and, therefore, the Court not only dismisses Judd's petition, but also denies him the opportunity to seek to amend this petition.

Accordingly, Judd's petition for civil rights removal is denied.

UNITED STATES DISTRICT JUDGE

6